IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION



QUINCY JOSEPH CRANDLE,

Plaintiff,

v.

CIVIL ACTION NO.

4:26-CV-00158-JCB

OPTION ONE MORTGAGE CORPORATION;

PHH MORTGAGE CORPORATION;

WARREN A. CRANDLE (Identity Unknown:

Sr. and/or Jr.),

Defendants.

# FIRST AMENDED COMPLAINT

# I. INTRODUCTION

1. Plaintiff brings this action arising from the unauthorized use, misattribution, or improper association of his identity and credit information in connection with a residential mortgage loan tied to property located in McKinney, Texas.

2. Plaintiff seeks to determine the true identity of the borrower(s), the identifying information used to obtain the loan, and whether Plaintiff's identity was used without authorization.

3. The core evidence necessary to resolve these issues is in the possession of Defendants and cannot be obtained without Court-ordered discovery.

# II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the Fair Credit Reporting Act.

5. Venue is proper in this district because the property and underlying transactions occurred in Collin County, Texas.

# III. PARTIES

6. Plaintiff QUINCY JOSEPH CRANDLE is a natural person and consumer.

7. Defendant Option One Mortgage Corporation was the originating lender of the subject mortgage loan.

8. Defendant PHH Mortgage Corporation is the current servicer and custodian of records relating to the loan.

9. Defendant WARREN A. CRANDLE is an individual associated with the subject property and loan, whose identity is unclear as between Warren A. Crandle Sr. and/or Warren A. Crandle Jr.

# IV. FACTUAL ALLEGATIONS

## A. Loan Origination and Early Records

10. On or about September 12, 2006, a Deed of Trust was executed for property located in McKinney, Texas.

11. The Deed of Trust identifies the borrower as: "Warren Crandle and spouse, Tina Wallace."

12. The document does not clearly identify:
    a. Whether "Warren Crandle" refers to Sr. or Jr.;
    b. Whether any additional party was included or omitted;
    c. Whether any borrower was later removed or altered.

13. A 2007 construction contract associated with the property identifies "Warren Crandle and Tina Crandle" as owners.

14. A 2008 tax-related proceeding in Collin County identifies:

- Warren Crandle;

- Tina Crandle;

- Option One Mortgage Corporation;

in connection with the same property.

## B. Subsequent Transfers and Identity Variations

15. Property records reflect that in or about 2019, the property was transferred from an individual identified as "Warren Webb Wes/Crandle" to a third-party entity.

16. Subsequent records reflect transfer to another party and eviction proceedings identifying only "Warren Crandle."

17. These records reflect inconsistent naming conventions and changes in associated individuals over time.

## C. Credit File Association and Discovery of Account

18. Plaintiff discovered that a mortgage account associated with Option One Mortgage Corporation appeared on his consumer credit profile.

19. Plaintiff did not apply for, authorize, or execute any mortgage loan for the subject property.

20. Plaintiff disputed the account and requested documentation, including application records and identity verification data.

## D. Conduct of Defendant PHH Mortgage

21. Defendant PHH Mortgage Corporation confirmed that it possesses records relating to the subject loan.

22. PHH refused to provide such records to Plaintiff without authorization from the account holder.

23. This refusal persists despite Plaintiff's assertion that his identity may have been used without authorization.

## E. Third-Party Confirmation and Withheld Records

24. Plaintiff contacted third-party consumer reporting agencies, including TransUnion and Experian, to determine the origin of the disputed account.

25. A representative of TransUnion confirmed via telephone that the mortgage account was associated with Plaintiff's credit file.

26. When Plaintiff requested documentation, TransUnion responded in writing that a subpoena would be required to obtain such records.

27. Plaintiff further observed that Experian previously reported an association identifying "Warren" within Plaintiff's file, which was later removed following dispute.

28. These facts demonstrate that:
a. The account was linked to Plaintiff's identity in third-party systems;
b. Records confirming such linkage exist;
c. Such records are being withheld absent compulsory process.

## F. Exhaustive Efforts to Obtain Evidence

29. Plaintiff has made extensive efforts to obtain documentation and initiate investigation.

30. Plaintiff contacted law enforcement in Santa Clara, California, where Plaintiff resided at the time of loan origination, but no investigation was initiated.

31. Plaintiff obtained an incident report from law enforcement in Banning, California, where Plaintiff resided when the account was discovered.

32. Plaintiff contacted law enforcement in McKinney, Texas, but was informed that no investigation would proceed without definitive proof.

33. Plaintiff submitted public records requests and filed complaints with multiple state authorities, including Attorneys General in California, Texas, and Massachusetts.

34. Plaintiff submitted complaints to the Consumer Financial Protection Bureau.

35. In response to at least one complaint, TransUnion addressed an unrelated issue involving child support rather than the disputed mortgage account.

36. Despite these efforts, Plaintiff has been unable to obtain the necessary records.

## G. Resulting Harm

37. Plaintiff has suffered harm including damage to credit, emotional distress, and inability to access accurate financial information.

# V. CLAIMS FOR RELIEF

## COUNT I – FRAUD / IDENTITY MISUSE

(Against Warren A. Crandle)

38. Plaintiff realleges all prior paragraphs.

39. Defendant used or permitted the use of Plaintiff's identity without authorization in connection with the subject loan.

## COUNT II – WRONGFUL WITHHOLDING OF MATERIAL INFORMATION

(Against Option One and PHH)

40. Defendants possess records necessary to determine the identity of the borrower and the information used.

41. Defendants have refused to disclose such information despite notice of identity dispute.

# COUNT III – VIOLATION OF FEDERAL LAW

## (FCRA-RELATED CONDUCT)

42. Plaintiff realleges all prior paragraphs.

43. The conduct described implicates duties under the Fair Credit Reporting Act.

44. The presence, verification, and subsequent removal of account-related data demonstrates inaccurate reporting and failure to investigate.

# VI. NECESSITY OF DISCOVERY

45. The critical evidence required to resolve this matter—including loan applications, identity verification records, and credit data—is exclusively within the possession of Defendants or third-party custodians.

46. Plaintiff has demonstrated that such records exist but are inaccessible without Court intervention.

47. Under

- Bell Atlantic Corp. v. Twombly
- Ashcroft v. Iqbal

Plaintiff has stated a plausible claim for relief.

48. Dismissal prior to discovery would prevent Plaintiff from accessing evidence necessary to prove his claims.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Allow this action to proceed;

B. Permit discovery;

C. Compel production of all loan-related records;

D. Award damages;

E. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

QUINCY JOSEPH CRANDLE

1732 Rancho Drive

Mesquite, Texas

Plaintiff, Pro Se

QC

Date: ~~04/03/2026~~

4/07/2026

[Space Above this Line for Recor

# RESIDENTIAL CONSTRUC
## (with Transfer of Lie
## (Repair or Renovate Existi
## (Texas)

Words used in this Contract are defined below.  Words in the singula

"Completion Date" is       September 26, 2007

"Contractor" is    Synergy Pools, Inc.

"Contract Price" is $       27,148.00

"Improvements" are the improvements made to a single family reside

"Lender" is    Superior Funding, Inc.


"Owner" is    Warren Crandle and Tina Crandle


"Plans and Specifications" are the plans and specifications agreed
Lender.

"Property" means the property commonly known as        2213 D
75071.

"Trustee" is    G. Tommy Bastian
This Contract is made on the date signed below between Owner ar
Lender.


**1.    Construction of Improvements.**  Contractor agrees to furnis
materials or appliances to be furnished by Owner and installed by Co
later than the Completion Date in a good and workmanlike manner a

Loan No: CRANDLEWARRE

Residential Construction Contract (with Transfer of Lien to Lender) (Repair or
—THE COMPLIANCE SOURCE, INC.—        Page 1 of 8
www.compliancesource.com

*Original*

✕    a935383af6f30191300...

| **Basement** | | N/A |
|---|---|---|
| Room Counts | | |
| **Total Room Count** | | 8 |
| **Bedrooms** | | 4 |
| **Bathrooms** | | 4 |

## Possible Deeds

## Ownership Change

2019-07-31 – From RAIN HOLDING SERIES LLC-SERIES to IVETTE M DOMINGUEZ

Primary Lender Details

| **Lender** | RAIN HOLDING SERIES LLC-S |
|---|---|
| **Loan Amount** | $100,000 |
| **Lender Type** | Unknown or not provided |
| **Loan Type** | Conventional or Unknown |
| **Line of Credit Loan** | Not a Credit Line or Unknown |

Secondary Lender Details

| **Lender** | N/A |
|---|---|
| **Loan Amount** | N/A |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

County Records

| **County** | COLLIN |
|---|---|
| **State** | TX |
| **Transfer Date** | 2019-07-31 |
| **Transfer Value** | $0 |
| **Transfer Tax** | N/A |
| **Transfer Type** | Resale |
| **Deed Type** | Warranty Deed |
| **Document Number** | 0000908070 |
| **Document Type** | W |
| **Book Number** | N/A |
| **Page Number** | N/A |
| **Recorded Date** | 2019-07-31 |
| **Recorded Type** | N/A |
| **Quitclaim Deed** | N/A |

## Ownership Change

2019-03-15 – From WARREN WEBB WES|CRANDLE to RAIN HOLDING SERIES LLC

Primary Lender Details

| **Lender** | N/A |
|---|---|
| **Loan Amount** | N/A |
| **Lender Type** | N/A |

2  **Mar 15, 2019**

Ownership Change

**Warren Webb Wes|crandle to Rain Holding Series Llc**

Deed Type: -

∨ Primary Lender

Loan Amount: -

∧ County Record Details

Transfer Value: **$190,000**

**Issued in COLLIN, TX on 3/15/2019**

Deed Type: Unknown

8:45                                                    ..ll 5Gᵘ ◼️)

dashboard.propertyrecs.com                    ⬆️

                                                              ✕

COLLIN COUNTY, TEXAS COURT RECORD

CASE ID: 479812

REGISTER OF ACTIONS

CASE NO. 199-00364-2008

| CITY OF MCKINNEY, CCCCD, MCKINNEY ISD VS. WARREN CRANDLE, TINA CRANDLE, OPTION ONE MORTGAGE CORPORATION, SUPERIOR FUNDING, INC. | | CASE TYPE: | TAX CASES - DISTRICT |
|---|---|---|---|
| | § § § § § | DATE FILED: | 03/26/2008 |
| | | LOCATION: | 199TH DISTRICT COURT |

PARTY INFORMATION

LEAD ATTORNEYS

DEFENDANT CRANDLE, TINA


DEFENDANT CRANDLE,

← → + ⑤ •••

**CERTIFIED MAIL**

9589 0710 5270 3143 2118 28

Retail



U.S. POSTAGE PAID
FCM LG ENV
MESQUITE, TX 75149
APR 07, 2026

75090

**$9.14**

RDC 99

S2324E500223-10

**FROM:**

Quincy Joseph Crandle
1732 Rancho Drive
Mesquite, TX 75149

RECEIVED

CLERK, U.S. DISTRICT COURT

RECEIVED

APR 0 8 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**TO:**

US District Court
Eastern District (Sherman Division)
101 E. Pecan St.
Sherman, TX 75090

**Expandable Photo Document Mailer
9 3/4" x 12 1/4"**

**ReadyPost**